UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 15-13630-RGS

GERMAN JR. QUINONES MERCADO

v.

WOODBRIDGE POLICE DEPARTMENT

MEMORANDUM AND ORDER

January 15, 2016

STEARNS, D.J.

On October 29, 2015, Plaintiff German Jr. Quinones Mercado filed with the Court a one-page, handwritten document with a one-page credit search report.  The envelope accompanying Mercado's documents lists his address as the Northern Virginia Mental Hospital in Falls Church, Virginia.  The Clerk treated the letter as a purported complaint.  See Docket No. 1.  The purported complaint consists of rambling statements and references to various federal statutes.  As best can be gleaned from the handwritten document, Mercado complains that he has been placed in the hospital because of the unspecified actions of an unidentified officer with the Woodbridge Prince William County Police Department.  However, the purported complaint doesn't provide a viable legal basis for this action.  The statutes referenced by Mercado have no reasonable connection to the police or allegations concerning his placement in the hospital.

The statements in the handwritten document are rambling and are, for the most part, unintelligible.  Mercado writes "see my records [ ] I am Agent and Politic Federal (President Owner) of USA I.R.S. Third party try abolish me how I.R.S. Third Party use Illicit Pathways Attack Strategy and unrespect me in violation of 18 U.S.C. § 1001 False Statement he start a debate

politic in representation of State Disclosure and in U.S. of F.B.I. and I.R.S. Third Party Federal next see my statement candidacy (#P60009156) of Federal Election Commission." Mercado writes that "Officer Mike [started an] attack custody how zombies and open he eyes next discover I have a card appointment for talk with Lieutenant Kevin P. Brown [of Woodbridge, VA]." Mercado concludes by stating that he stays "under Presidential laws collect money for [his] campaign federal and this 180 days in this Hospital don't permit nothing."

"A district court has inherent authority to dismiss a frivolous or malicious complaint sua sponte." Akande v. John Doe 1, No. CIV.A. 12-10742-RWZ, 2012 WL 1658981, at *1 (D. Mass. May 10, 2012) (citing Mallard v. United States District Court, 490 U.S. 296, 307–08 (1989); Fitzgerald v. First East Seventh Street Tenants Corp., 221 F.3d 362, 363–64 (2d Cir.2000)). The Court has no hesitation in finding that Mercado's purported complaint rises to that level because it is factually incomprehensible and states no cognizable claims.

Accordingly, this action is DISMISSED without prejudice and without assessment of the filing fee.

SO ORDERED.

/s/ Richard G. Stearns_____
United States District Judge